### T. E. WELLS & CO. v. SHARP.

### In re PLYMOUTH ELEVATOR CO.

(Circuit Court of Appeals, Eighth Circuit. October 1, 1913.)

### No. 120, Original.

BANKRUPTCY (§ 440*)—PROCEEDINGS—MODE OF REVIEW.

Where an order setting aside a chattel mortgage on assets of the bankrupt resulted from a consideration of disputed facts and depended on findings made thereon, the order was reviewable by appeal as provided by Bankruptcy Act July 1, 1898, c. 541, § 24 (a), 30 Stat. 553 (U. S. Comp. St. 1901, p. 3431), and not by petition to revise as authorized by section 24 (b).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. § 440.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Petition for Revision of Proceedings of the District Court of the United States for the District of South Dakota, in Bankruptcy; James D. Elliott, Judge.

Proceeding by W. Z. Sharp, trustee of the estate of the Plymouth Elevator Company, against T. E. Wells & Co., on an order directed to the latter to show cause why a chattel mortgage on certain of bankrupt's assets should not be declared void. A referee's order setting aside the mortgage was affirmed by the District Court, and the mortgagee files a petition to revise. Denied.

Edwin R. Winans, of Sioux Falls, S. D. (Edward Sonnenschein, of Chicago, Ill., on the brief), for petitioner.

J. W. Boyce, of Sioux Falls, S. D. (R. H. Warren and A. B. Fairbank, both of Sioux Falls, S. D., on the brief), for respondent.

Before ADAMS and SMITH, Circuit Judges, and WILLARD, District Judge.

ADAMS, Circuit Judge. This was an original petition to revise an order or judgment made by the District Court of South Dakota in bankruptcy, in the matter of the Plymouth Elevator Company, bankrupt. On examination of the record we find that the order and judgment complained of resulted from a consideration of disputed facts, and depended upon the findings made thereon. In such circumstances the proper remedy is an appeal under the provisions of section 24 (a) of Act July 1, 1898, c. 541, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3431), and not a petition to revise under section 24 (b). Pursuing a common practice, the petitioner out of abundant precaution prosecuted concurrently with this petition an appeal which properly presented all the questions attempted to be presented by this petition, and that appeal has been disposed of at this term of court. 208 Fed. 393. This petition therefore must be denied.